UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL MINTER, *et al.*,           )
                                    )
      Plaintiffs,                 )
                                    )
v.                                  )  Civil Action No. 1:21-cv-00784 (UNA)
                                    )
AMANDA B. DELMASTRO, *et al.*,      )
                                    )
      Defendants.                 )

FILED
5/4/2021
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

## **MEMORANDUM OPINION**

This matter is before the court on its initial review of plaintiffs' *pro se* complaint, motion for restraining order and permanent injunction, and applications for leave to proceed *in forma pauperis* ("IFP"). The court will deny plaintiffs' IFP applications and the two pending motions for restraining order and permanent injunction, and shall dismiss the complaint, for reasons explained herein.

Plaintiffs, Kautantowit's Mecautea (a 501(c)(3) non-profit organization), Michael C. Minter, and Joy Graves, have jointly filed suit against five individual defendants – some of whom are only identified by a first or partial names – and "1–500 DOE's." Preliminarily, the Local Rules of this court state that a plaintiff "filing *pro se in forma pauperis* must provide in the [complaint's] caption the name and full residence address or official address of each party." LCvR 5.1(c)(1). Plaintiffs have failed to so.

Next, as to Kautantowit's Mecautea, an entity may generally only appear as a party in the federal courts "through licensed counsel." *See Greater Southeast Cmty. Hosp. Found., Inc. v. Potter*, 586 F.3d 1, 4 (D.C. Cir. 2009) (citing *Rowland v. Cal. Men's Colony*, 506 U.S. 194 (1993)); *see also Am. Airways Charters, Inc. v. Regan*, 746 F.2d 865, 873 n.14 (D.C. Cir. 1984) ("[A]

corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se*.") (internal quotation marks and citations omitted); *Diamond Ventures, LLC v. Barreto*, 452 F.3d 892, 900 (D.C. Cir. 2006) (same); *Franklin v. Vilsack*, No. 11–0206 (D.D.C. Apr. 15, 2011) (denying IFP status to plaintiff in his capacity as an officer of a non-profit development corporation which, as an artificial entity, cannot proceed IFP). Thus, Kautantowit's Mecautea's application to proceed IFP is denied.

The remaining two IFP applications are muddled, at best. Minter's IFP application is devoid of certain required information, including, for example, his personal contact information, and an estimation of various debt/expenses and disclosure of any sources of income. It appears that Minter purports to have neither debts or expenses, nor sources of income, and if that is, in fact, the case, additional information is necessary to explain these unusual financial circumstances. Graves's application is devoid of the same information, and further indicates that she *may* receive disability or worker's compensation benefits, but then no details relating thereto are provided. Furthermore, it indicates that she has "basic living expenses," but then does not go on to calculate or further explain them. Without properly detailed IFP applications, individually executed and filed by each plaintiff, the court lacks the information by which it may assess their respective financial status at this juncture. *See generally,* 28 U.S.C. § 1915(a)(1).

Even if the IFP applications were adequate, the complaint falls short. The complaint goes on for pages alleging a vague and attenuated "conspiracy to murder." Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that

defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a "complaint [] contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). The instant complaint falls within this category. Additionally, the ability of this court to exercise personal jurisdiction any of the defendants, who are located in Oregon, is entirely unclear. *See* Fed. R. Civ. P. 12(b)(2); *International Shoe Co. v Washington*, 326 U.S. 310 (1945).

Finally, the motions for restraining order and permanent injunction advance the same incongruous allegations, which do not warrant injunctive relief. "The standard for issuance of the extraordinary and drastic remedy" of a restraining order or an injunction "is very high . . . and by now very well established." *RCM Techs., Inc. v. Beacon Hill Staffing Grp., LLC*, 502 F. Supp. 2d 70, 72–3 (D.D.C. 2007) (internal quotation marks and citation omitted). Plaintiffs have abjectly failed to meet this standard, and the motions are, therefore, also denied.

For all of the above-stated reasons, the complaint and this matter are dismissed. A separate order accompanies this memorandum opinion.

Date: May 4, 2021

_____/s/_____
TIMOTHY J. KELLY
United States District Judge